UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------

O'NEIL GOMEZ,                                    CIVIL ACTION NO.:

                                                 13 CV 1822
                                                 JUDGE KAPLAN

Plaintiff,                                       JURY TRIAL DEMAND

vs.                                              COMPLAINT

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER MIQUEL
RIVERA INDIVIDUALLY AND AS A POLICE OFFICER
FOR THE CITY OF NEW YORK, AND
OTHER UNKNOWN LAW
ENFORCEMENT AGENTS
FOR THE CITY OF NEW YORK.

-------------------------------------------------



## COMPLAINT

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon U.S.C. § 1331 and 1343(1)(3)(4) and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims rising under State law.

### PARTIES

2. Plaintiff is a resident of New York City.

3. Defendant City of New York is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department which employs Police officer miquel Rivera and other unknown police officers of the City of

New York. Defendant known and unknown police officers were at all times relevant to this action police officers of the City of New York who acted under color of State law. Upon information and belief all unknown individuals are police officers of the New York City Police Department and are being sued in both their individual and official capacities.

## FIRST CAUSE OF ACTION

4. On or about March 6, 2012, 2012, the Plaintiff, O'Neil Gomez, was standing, near his children, in front of 212 East 106th Street at approximately 8:45 in the evening in the County of New York, City of New York and State of New York. Suddenly, without cause or provocation, New York City Police Officers (from the 23rd Police Precinct) including Police Officer Miquel Rivera, surrounded the Plaintiff and told him that he was under arrest. The police then grabbed the Plaintiff's hands and began viciously assaulting the Plaintiff especially after the Plaintiff told the police officers that they were hitting him "like they were girls." When the plaintiff made this accusation, one New York City Police officer pulled out a walkie talkie and hit the Plaintiff on the left side of his face.

5. As a result the Plaintiff was taken to Saint Lukes Hospital where he received stiches to his face and other treatment.

6. The Plaintiff was then taken to the N.Y.C. 23rd Police Precinct where after the Plaintiff told the police that it took all of you "pussys" to beat him up, he was taken to a small cell where the Plaintiff was held by two New York City Police Officers while a third police officer punched the Plaintiff in his back and chest.

7. As a result of this unjustified assault the Plaintiff sustained serious bodily injuries and mental and emotional suffering because of the police officers' vicious and unnecessary

actions including serious injuuries to the Plaintiff's face, eyes, ears, chest, back and other bodily parts.

8. As a result of this unjustified attack the plaintiff suffered severe humiliation, embarrassment and severe emotional distress.

9. As a result of the defendant's actions, the Plaintiff's civil and constitutional rights were violated because the City of new York, the New York City Police Department, its servants, agents and employees committed the actions previously mentioned.

9. At no time did the plaintiff commit any offenses against the People and State of New York. At no time did the plaintiff strike, attempt to strike or intend to strike any of the police officers involved in this case. At no time did the plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of the New York City Police and Police Department. .

10. As a direct and proximate result of the defendant's actions, plaintiff suffered and continues to suffer injuries, including but not limited to his body, some or all of which may be permanent.

11. As a direct and proximate result of defendant's actions, plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

12. As a direct and proximate result of defendant's actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

13. Defendant City of New York as a matter of policy and practice has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers

concerning the rights of citizens, thereby causing the defendant police officers in this case to engage in the unlawful conduct described above.

14. Defendant City of New York has with deliberate indifference failed to adequately sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct. Moreover, defendant, City of New York has a history of police brutality and violation of individual rights and is or should be aware of the need to take such actions as are necessary to prevent a violation of individual rights from occurring.

15. Defendant, City of New York has with deliberate indifference failed to adequately sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of people by other police officers, thereby causing and encouraging the police including defendants in this case, to engage in unlawful conduct.

16. The actions of defendants, acting under color of State law, deprived Plaintiff O'Neil Gomez of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the right to be secure in his person and property, to be free from the excessive use of force and from false arrest, wrongful imprisonment, assault and battery, and to be free from defendant's negligence, gross negligence and negligent hiring and supervision and to due process.

17. By these actions defendants deprived plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. Section 1983.

## SECOND CAUSE OF ACTION

18. Plaintiff hereby realleges paragraph one through seventeen of this complaint as though fully set forth herein.

19. The acts and conduct of the defendants alleged in the above stated cause of action constitute assault, assault and battery, false arrest, intentional infliction of emotional distress, outrageous conduct, invasion of privacy, negligence, gross negligence and negligent hiring, retention and supervision under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said claims.

WHEREFORE PLAINTIFFS request the following relief:

a. Compensatory damages of $2,000,000 dollars.

b. Punitive damages of $2,000,000 dollars.

c. Reasonable Attorney fees and costs; and

d. Such other and further relief as to this Court appears reasonable and just.

ROBERT E. NICHOLSON

DATED: February 20, 2013

I, O'NEIL GOMEZ, affirm that the within complaint is true to the best of my knowledge.

*O'Neil Gomez*

O'NEIL GOMEZ

DATED: FEBRUARY 20, 2013

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages of $2,000,000 dollars.

b. Punitive damages of $4,000,000 dollars.

c. Reasonable attorney fees and costs; and

d. Such other and further relief as to this Court appears reasonable and just.

ROBERT E. NICHOLSON
ATTORNEY FOR PLAINTIFF

DATED: 3/19/13

RICKI LEE GRABSTEIN
Notary Public, State of New York
No. 01GR6216236
Qualified in Kings County
Commission Expires 01/11/2014