USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
            :
O'NEIL GOMEZ,          :
            :
          Plaintiff,   :
            :   13-CV-1822 (VSB)
    - against -    :
            :   **MEMORANDUM & ORDER**
THE CITY OF NEW YORK, et al.,   :
            :
         Defendants. :
            :
------------------------------------------------------------X

Appearances:

Amy Rameau
Brooklyn, New York
*Counsel for Plaintiff*

Noreen Stackhouse
New York City Law Department
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff O'Neil Gomez initiated this action by filing his Complaint alleging claims of false imprisonment and excessive force arising from his arrest by members of the New York City Police Department. Defendants filed a motion to enforce an alleged oral agreement between the parties to settle this case. (Doc. 18.) Before me are: the Report and Recommendation of United States Magistrate Judge Ronald L. Ellis (the "Report and Recommendation" or "R&R," Doc. 35), Defendants' objections to the Report and Recommendation, (Doc. 36), and Plaintiff's response to Defendants' objections, (Doc. 41). Because I find that the R&R is well-reasoned and thorough, I overrule Defendants' objections and ADOPT the Report and Recommendation in its entirety. Accordingly, Defendants' motion is DENIED.

I.  **Background and Procedural History**

Plaintiff initiated this action by filing his Complaint on March 19, 2013.  (Doc. 1.)  On March 26, 2013, Judge Lewis A. Kaplan, to whom the case was originally assigned,[1] referred the case to Judge Ellis as part of the Court's Plan for Certain Section 1983 Cases against The City of New York ("the 1983 Plan").  (Doc. 2.)  On October 9, 2013, the City requested permission to opt out of the 1983 Plan because Defendants had decided to take a "no pay" position and were "not interested in settlement at this time."  (Docs. 7, 8.)  Following an initial pretrial conference on December 12, 2013, Judge Ellis issued an order granting Defendants' request to opt out of the 1983 Plan.  (Doc. 10.)

On February 21, 2014, counsel for the City filed a letter asserting that the parties had settled the case on December 18, 2013, but she was informed by Plaintiff's attorney, Robert Nicholson ("Nicholson"), that Plaintiff was now refusing to sign the settlement paperwork.  (Doc. 12.)  Defendants requested that the Court uphold the settlement.  (*Id.*)  On March 19, 2014, Judge Ellis set a briefing schedule for Defendants' motion to enforce the settlement agreement.  (Doc. 15.)  On April 14, 2014, Defendants filed their Motion.  (Doc. 18.)  Plaintiff's new counsel filed a notice of appearance, (Doc. 24),[2] and Plaintiff's Opposition on May 15, 2014, (Doc. 25).  On May 28, 2014, Defendants filed their Reply.  (Doc. 30.)

Judge Ellis issued his Report and Recommendation on February 10, 2015.  (Doc. 35.)  Defendants submitted their Objections to the R&R on February 27, 2015 (the "Objections" or "Ds' Objections").[3]  After I granted Plaintiff a short extension, (Doc. 40), he submitted his

---

[1] This case was reassigned to me on February 3, 2014.

[2] Nicholson did not file a Notice of Substitution of Attorney until January 14, 2015, (*see* Doc. 34), but Plaintiff has been represented by his current counsel since he terminated Nicholson in February 2014.  (*See* Doc. 37 ¶¶ 27-30.)

[3] "Ds' Objections" refers to Defendants' Memorandum of Law in Support of Their Objections to the Report and Recommendation of the Honorable Ronald L. Ellis.  (Doc. 36.)

2

opposition to Defendants' Objections on March 19, 2015, (Doc. 41).

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Ellis's Report and Recommendation.

## II. Legal Standards

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report, *id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation for clear error. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clear error standard also applies when objections are general, conclusory, or simply reiterate the arguments previously made in a party's submissions. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008); *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations.").

## III. Discussion

Before undertaking any analysis I must determine which portions of the R&R, if any, are subject to a properly specific objection warranting de novo review. Defendants make two basic

3

arguments in their Objections: that the parties entered into a binding settlement agreement that must be enforced, (*see* Ds' Objections 6-13), and that Nicholson had apparent authority to settle on Plaintiff's behalf, (*see id.* at 13-17). These are the same essential arguments Defendants made in support of their motion to enforce settlement, (*see generally* Ds' Mem. 6-7, 9-10[4]; Ds' Reply 3-9[5]), and thus I need not undertake a wholesale *de novo* review of the R&R, *see Ortiz*, 558 F. Supp. 2d at 451. Although each of the specific objections in support of these positions could be read as mere reiterations of Defendants' previous arguments, Defendants do raise two at least arguably new arguments that are targeted to particular findings in the Report and Recommendation. I review these objections *de novo*.

Defendants argue that Judge Ellis's finding that they made an express reservation not to be bound until written execution is based on distinguishable case law. (Ds' Objections 8-10.) Defendants assert that "no oral agreement to settle by the City of New York would ever be enforceable" if "defendants' request that plaintiff execute a standard Stipulation of Settlement . . . illustrate[d] an express reservation to be bound only by a writing." (*Id.* at 8.) As an initial matter, "[n]o single factor is decisive" in determining whether the parties intended to be bound by a settlement agreement, *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997), and thus Defendants' blanket statement that "no oral agreement to settle by the City" would ever be enforceable is unconvincing. In addition, as Defendants observe, the Second Circuit in *Ciaramella* "found it persuasive that '[o]ther parts of the agreement also emphasize[d] the execution of the document.'" (*See* Ds' Objections 9 (quoting 131 F.3d at 325).) Defendants

---

[4] "Ds' Mem." refers to Defendants' Memorandum of Law in Support of Their Motion to Enforce the Settlement Agreement of the Parties. (Doc. 20.)

[5] "Ds' Reply" refers to Defendants' Reply Memorandum of Law in Support of Their Motion to Enforce the Settlement Agreement of the Parties. (Doc. 30.)

4

fail to note, however, that here the proposed stipulation of settlement contains references to written documents beyond those in the merger clause. (*E.g.,* P's Opp. Ex. D, 4 ("Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement . . . ."), 7 ("This release may not be changed orally.  The undersigned has read the foregoing release and fully understands it . . . .").)[6]  Defendants' attempt to distinguish *Nieves v. Community Choice Health Plan of Westchester*, No. 08-CV-321, 2011 WL 5531018 (S.D.N.Y. Nov. 14, 2011), is unavailing for the same reason.  Moreover, as in *Ciaramella*, 131 F.3d at 325, there is no evidence suggesting that either party considered the signed documents unnecessary; to the contrary, Defendants' counsel repeatedly sought Plaintiff's signature, making clear that Nicholson and Plaintiff must sign the documents before a notary.  Nowhere in the communications do Defendants suggest that Plaintiff need not sign the documents.  I am in complete agreement with Judge Ellis's finding that nothing in the record indicates that the parties intended to be bound absent written settlement documents.

Defendants also argue that the Affidavit of Status of Liens ("Affidavit of Liens") "was not an additional material term" that remained open for negotiation.  (Ds' Objections 10-11.) Much of Defendants' argument regarding the Affidavit of Liens simply parrots Defendants' Reply brief, (*compare* Ds' Reply 5-6 *with* Ds' Objections 10-11), but, while not entirely clear, I also interpret Defendants to raise an objection to Judge Ellis's determination that all terms, not just material terms, must be agreed upon to support contract formation.[7]  As Judge Ellis observed, however, "minor or technical points" can indicate that the contract remained open.

---

[6] "P's Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendants' Objections to the Report and Recommendation of the Honorable Ronald L. Ellis. (Doc. 41.)  Attached as Exhibit D is the draft Stipulation and Order of Dismissal proposed by Defendants' counsel.

[7] Nothing in the record indicates the City's or Corporation Counsel's policy, if any, with respect to whether such terms must be agreed to in a signed writing.

*See Ciaramella*, 131 F.3d at 325; *see also Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 82-83 (2d Cir. 1985). Defendants have provided no non-conclusory basis for finding that agreement on the Affidavit of Liens was not material to the settlement. Accordingly, insofar as Defendants object to Judge Ellis's determination that the open Affidavit of Liens term indicated that the parties had not reached agreement on all contract terms, that objection fails. I review the remainder of Defendants' rehashing of their arguments regarding the Affidavit of Liens for clear error, and find none.

Judge Ellis did not reach Defendants' apparent authority arguments because he found that no contract had been formed. Based on my review under the applicable standards, I reach the same conclusion for substantively the same reasons described in the Report and Recommendation.

Defendants' remaining arguments are simply reiterations of arguments that they made in support of their motion to enforce settlement.[8] I thus review the portions of the R&R to which these arguments apply for clear error, *Lewis*, 573 F. Supp. 2d at 811, and find none. Further, even if I were reviewing the entirety of the R&R *de novo*, I find Defendants' Objections without merit for essentially the same reasons as articulated by Judge Ellis.

### IV.   Conclusion

Having reviewed the Report and Recommendation and all other materials in the record, I am in complete agreement with Judge Ellis and hereby ADOPT the Report and Recommendation in its entirety. Defendants' motion to enforce settlement is DENIED.

---

[8] In many cases, Defendants have quoted from or cursorily re-written the briefs submitted in support of their motion to enforce settlement. In other cases, they simply add general citations to case law without explanation.

      The parties are directed to contact Judge Ellis regarding scheduling in this matter. The Clerk's Office is respectfully directed to close the pending motion, (Doc. 18).

SO ORDERED.

Dated: March 26, 2015
       New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge