USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-7-16

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

O'NEILL GOMEZ,                                                            :
                                                                         :
                                       Plaintiff,                        :          **REPORT AND**
                                                                         :          **RECOMMENDATION**
                        - against -                                      :
                                                                         :          **13-CV-1822 (VSB)(RLE)**
THE CITY OF NEW YORK, et al.,                                            :
                                                                         :
                                       Defendants.                       :

**To the HONORABLE VERNON S. BRODERICK, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiff O'Neill Gomez ("Gomez") commenced this action on March 19, 2013, against

the City of New York, the New York Police Department, Officer Miquel Rivera, and other

unnamed law enforcement agents (collectively, "Defendants"). On March 26, 2013, the

Honorable Vernon S. Broderick referred the case to the undersigned for general pretrial. Gomez

alleges that New York police officers violated his civil and constitutional rights pursuant to 42

U.S.C. § 1983, when they falsely imprisoned him and used excessive force during his March 6,

2012 arrest. (*See generally* Doc. No. 1.) Before the Court is Gomez's motion to amend his

Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to replace the names of

the unknown law enforcement agents with the names of known defendants. (Doc. No. 50.) For

the reasons that follow, I recommend that Gomez's motion be **DENIED**.

## II.    BACKGROUND

The facts relevant to the instant motion are as follows. Gomez alleges that on or about

March 6, 2012, Officer Miquel Rivera and other New York City police officers surrounded him

and placed him under arrest. (Doc. No. 1.) Officers "began viciously assaulting" Gomez, who

then made an accusation. (*Id.*) One officer hit Gomez on the left side of his face with a walkie

talkie. (*Id.*) Gomez further alleges that he was taken to the 23rd Precinct, where he was held by two police officers while a third officer punched him in his back and chest. (*Id.*)

Gomez filed his Complaint on March 19, 2013. The City of New York and the New York Police Department were served on April 2, 2013. (Doc. No. 5.) Officer Rivera was served on April 15, 2013. (*Id.*) Defendants served initial disclosures on September 4, 2013, and provided Gomez with the names of four additional police officers—Officer Luis Acosta, Sergeant Anthony Danclar, Lieutenant Emile Provencher and Officer Mark Nicoletti—who potentially had discoverable information. (Memorandum of Law in Support of Defendants' Opposition to Plaintiffs' Motion to Amend the Pleadings ("Def. Mem.") at 3.) Gomez seeks to substitute these named officers for the caption, "Unknown law enforcement agents of the City of New York," in his proposed Amended Complaint. (Plaintiff's Memorandum of Law in Support ("Pl. Mem." at 8.)

Defendants allege that an amendment to the Complaint is futile because the claim that Gomez seeks to add, replacing the names of the unknown law enforcement agents, is barred by the applicable statute of limitations. (Def. Mem at 2-3.) According to Defendants, the statute of limitations for false arrest and excessive force claims expired on March 29, 2015. (*Id.* at 2.) They argue that because Gomez failed to amend his Complaint to name the unknown agents within the limitations period, his claims against them are time-barred. (*Id.* at 3.) Defendants also argue that Gomez's amendment does not "relate back" under Federal Rule of Civil Procedure 15(c)(1) because Gomez does not seek to correct a mistake, and did not exercise due diligence in amending his Complaint after learning the names of the officers on September 6, 2013. (*Id.* at 3-6.) For the same reasons, Defendant asserts that Gomez's claim also fails under state law. (*Id.*); *see* New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") §§ 203(c), 1024. Gomez argues

2

that he acted with due diligence in identifying the defendants well before the statute of limitations ran on March 6, 2015, and that he described the officers in such a way as to put them on notice that they would likely be defendants. (Pl. Mem. at 6-10.)

Gomez also contends that Defendants' motion to enforce the settlement agreement should function as an equitable toll on his time to amend the Complaint. (*Id.* at 11.) On February 26, 2014, Defendants wrote a letter to the Court seeking enforcement of a settlement agreement between the Parties entered into December 18, 2013. (Doc. No. 12.) The Parties appeared before the Court on February 26, 2014, and Gomez asserted that there was a misunderstanding regarding settlement. Defendants subsequently filed a motion to enforce the settlement agreement (Doc. No. 18), and the Court issued a Report and Recommendation on February 10, 2015, finding that the Parties did not intend to be bound by their prior oral representations. (Doc. No. 35.) Judge Broderick adopted the Report and Recommendation in its entirety. (Doc. No. 43.) Although Gomez concedes that the identities of the potential defendants were known to him prior to the expiration of the statute of limitations (Pl. Mem. at 11), he nevertheless argues that he would not have been able to amend the Complaint while the Defendants sought to enforce the settlement agreement from December 18, 2013 through March 26, 2015. (*Id.*) Gomez acknowledged that he could not find "a similar case where the procedural history would serve to excuse plaintiff's failure to amend the complaint within the statute." (*Id.*)

### III.    DISCUSSION

#### A.    Applicable Law

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading, or after service of a motion under Federal Rules of Civil Procedure 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P.

15(a)(1). Otherwise, a party may amend its pleading with the opposing Party's written consent, or upon leave of the court. FED. R. CIV. P. 15(a)(2). Generally, leave of court to amend pleadings should be freely given "when justice so requires." *Id*; *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *Cevasco v. National R.R. Passenger Corp.*, No. 04 Civ. 5760 (PAC) (GWG), 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment can be futile if the claim to be added would be barred by the applicable statute of limitations. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Where a state has one or more statutes for certain enumerated torts, and a general statute for all other personal injury actions, the applicable limitations period for claims brought under section 1983 are governed by the state's general personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235 (1989) (holding that where a state has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions, the residual or general personal injury statute of limitations applies); *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) ("[C]ourts apply the statute of limitations for personal injury actions under state law); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) ("In section 1983 claims, the applicable statute of limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions'").

Under the New York Civil Practice Law and Rules ("N.Y. C.P.L.R."), personal injury actions are subject to a three-year statute of limitations. N.Y. C.P.L.R. § 214(3) (McKinney 2006); *see also Hogan*, 738 F.3d at 517 ("Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations). Moreover, the Parties agree that the applicable period is three years. (Pl. Mem. at 8; Def. Mem. at 2); *see also Pearl*, 296 F.3d at 79.

## B.   Relation Back under Rule 15(c)(1)(A)

Federal Rule of Civil Procedure 15(c) governs when an amended pleading "relates back" to the date the original pleading was filed, even though it was filed outside an applicable statute of limitations. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back. FED. R. CIV. P. 15(c)(1)(A). Section 1024 of the N.Y. C.P.L.R. provides that:

> A party who is ignorant of the name or identity of a person who may properly be a party may proceed against such person by designating so much of his name and identity as is known. If the name . . . becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

To take advantage of this provision, a Party must meet two requirements: (1) exercise due diligence prior to the running of the statute of limitations, to identify the defendant by name; and (2) describe the John Doe party "in such a way as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 518 (internal citations omitted).

The statute of limitations on Gomez's claims expired on March 6, 2015. Defendants produced their Rule 26(a) disclosures in which the four officers Gomez seeks to add to his Complaint were identified on September 6, 2013. (Pl. Mem. at 7.) Gomez conceded that the officers were identified "well before plaintiff's statute of limitations ran on March 6, 2015," but

5

he failed to adequately explain why he did not attempt to amend his Complaint to substitute the John Doe officers within the limitations period. He instead waited until the conference on September 16, 2015, to seek leave to amend the Complaint. Gomez also conceded that he is "mindful of the case law that states that once the officers were identified and plaintiff did not attempt to amend the Complaint during the period encompassing the statute of limitations plaintiff cannot be seen to have been exercising due diligence." (*Id.* at 10.) Nevertheless, Gomez argues that because the Court had argument and a motion before it to enforce the alleged settlement between the Parties from December 18, 2013 through March 26, 2015, it would have been unjust to "expect [P]laintiff to seek to amend his Complaint at that point." He further argues that he acted diligently by raising the issue of amending the Complaint at the first conference held after the motion to enforce was decided. (*Id.* at 12.)

The Court does not agree that it would have been unjust to require Plaintiff to seek to amend while the settlement was in dispute. Moreover, Plaintiff failed to timely raise the issue, which would at least put the question before the Court and Defendants, and potentially affected his due diligence position. In any case, if the Court were to toll the statute of limitations for the period in which Defendants attempted to enforce the settlement agreement between the Parties, Gomez provides no justification for his failure to seek leave to amend his Complaint from March 2015 to the September 16 conference. Gomez did not petition the Court for leave to amend prior to the conference set for September 1, 2015, which was subsequently rescheduled on consent of both Parties. The district court has discretion to deny leave to amend "'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace*, 228 F.3d 40 at 53-54 (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). Because Gomez has failed to

satisfactorily explain his failure to amend for five months from March 26, 2015 to September 2015, allowing such a delayed amendment would be unfair to Defendants. As Gomez did not meet the due diligence requirement under *Hogan,* the Court need not reach the second requirement.

## C.    Relation Back under Rule 15(c)(1)(C)

Where an amended pleading changes a party, Rule 15(c)(1)(C) requires that: (1) the claim must have arisen out of conduct set out in the original pleading; (2) the Party to be brought in must have received such notice that it will not prejudiced in defending on the merits; (3) that Party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint and the original complaint was filed within the limitations period. *Barrows v. Wethersfield Police Dept.,* 66 F.3d 466, 568 (2d Cir. 1995) (internal citations omitted); *see also* FED. R. CIV. P. 15(c)(1)(C).

"'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 468.  The Supreme Court clarified in *Krupski* that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."  560 U.S. at 541.  "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548.  "If plaintiff sues party B instead of party A under these circumstances, she had made a 'mistake concerning the proper party's identity' notwithstanding her knowledge of the existence of both parties." *Id.*  According to the Second Circuit, "Rule

15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Hogan*, 738 F.3d at 518.

In this case, Gomez's lack of knowledge of the officers he seeks to add to his Complaint cannot be deemed to be a mistake of identity. Furthermore, Gomez knew the identity of the four officers prior to the expiration of the limitations period. He therefore cannot meet the third and fourth requirements under Rule 15(c)(1)(C).

## IV.   CONCLUSION

Based on the foregoing, I recommend that Gomez's motion to amend his Complaint be **DENIED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Vernon S. Broderick, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, Room 518, and to the chambers of the undersigned, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**SO ORDERED this ⟨7th⟩ day of January 2016.**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

8