UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
          :
O'NEILL GOMEZ,          :
                Plaintiff,  :
          :
      -against-        :      13-CV-1822 (VSB)
          :
THE CITY OF NEW YORK, et al.,  :      ORDER
          :
                Defendants.  :
          :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On November 26, 2013, this case was referred to Magistrate Judge Ronald Ellis to handle pretrial matters. (Doc. 9.) Before me is the detailed and thorough Report and Recommendation ("Report" or "R&R") of Magistrate Judge Ellis issued on January 7, 2016, (Doc. 55), recommending that I deny the motion of Plaintiff O'Neill Gomez ("Plaintiff") to amend his Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure in order to replace the names of the unknown law enforcement officers with the names of officers identified by Defendants' discovery. No objections, timely or otherwise, have been filed. Because I agree with Magistrate Judge Ellis's determination that Plaintiff did not exercise due diligence in seeking to amend his complaint, and that Plaintiff's complaint does not meet the criteria for relation back under Federal Rule of Civil Procedure Rule 15, Magistrate Judge Ellis's Report and Recommendation, (Doc. 55), is ADOPTED in its entirety, and Plaintiff's motion to amend or correct his complaint, (Doc. 50), is DENIED.

I.    **Factual and Procedural Background**

      The facts set forth in the Report are incorporated herein by reference unless otherwise noted. On March 19, 2013, Plaintiff initiated this action by filing his Complaint, asserting claims

1

of excessive force against the City of New York, the New York City Police Department, Police Officer Miquel Rivera in his individual and professional capacities, and "other unknown law enforcement agents for the City of New York" related to an incident which allegedly occurred on March 6, 2012. (Doc. 1.) The City of New York and the New York Police Department were served on April 2, 2013. (Doc. 5.) Officer Rivera was served on April 15, 2013. (*Id*.) Defendants served Plaintiff with initial disclosures pursuant to Fed. R. Civ. P. 26(a) on September 4, 2013, and provided Plaintiff with the name of four additional police officers—Officers Luis Acosta, Sergeant Anthony Danclar, Lieutenant Emily Provencher, and Officer Mark Nicoletti—who they believed might have discoverable information related to the allegations in the Complaint. (Defs.' Mem. 2.)[1]

On February 26, 2014, Defendants sent Magistrate Judge Ellis a letter regarding an alleged oral settlement they entered into with Plaintiff and noted that they would be willing to formally brief the issue of whether Magistrate Judge Ellis should enforce the settlement. (Doc. 12.) Magistrate Judge Ellis held a status conference on February 26, 2014, and requested that Defendants file a status report to inform him whether they intended to move to enforce the alleged oral settlement agreement. (*See* Doc. 14.) On March 12, 2014, Defendants filed the requested status report and indicated that they did intend to move to enforce the oral agreement. (*Id*.) On March 19, 2014, Magistrate Judge Ellis granted Defendants' request and agreed to Defendants' proposed briefing schedule. (Doc. 15.) On April 14, 2014, Defendants filed their motion to enforce the alleged oral settlement, (Doc. 18), Plaintiff filed his opposition on May 15, 2014, (Doc. 25), and Defendants filed their reply on May 28, 2014, (Doc. 26). On February 10, 2015, Magistrate Judge Ellis filed a Report & Recommendation which recommended that I deny

---

[1] "Defs.' Mem." refers to Defendants' Memorandum of Law in Support of Defendants' Opposition to Plaintiff's Motion to Amend the Pleadings. (Doc. 54.)

Defendants' motion to enforce the oral settlement, (Doc. 35), and on March 26, 2015, I adopted that Report & Recommendation in its entirety, and denied Defendants' motion, (Doc. 43).

Plaintiff informed Magistrate Judge Ellis of his desire to amend his complaint during a conference on September 16, 2015, and moved to amend his complaint on October 15, 2015, (Doc. 50).  He seeks to amend his complaint in order to substitute the names of the officers identified on September 6, 2013 in the caption for the current placeholder "Unknown law enforcement agents of the City of New York."  Defendants filed their papers in opposition to Plaintiff's motion to amend on October 29, 2015, (Docs. 53, 54), and Magistrate Judge Ellis filed the Report, which recommended that I deny Plaintiff's motion to amend his complaint, on January 7, 2016, (Doc. 55).

## II.     Legal Standards

### A.  *Review of a Report and Recommendation*

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to a report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv.,*

*Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### B. *Amendment of a Pleading and Relation Back*

A party may amend its pleading once as a matter of course within twenty-one days after serving it, or twenty-one days after service of a responsive pleading, or after service of a motion under Rules 12(b), 12(e), or 12(f) of the Federal Rules of Civil Procedure, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading with the opposing Party's written consent, or upon leave of the court. Fed. R. Civ. P. 15(a)(2). Generally leave of court to amend pleadings should be freely given "when justice so requires." *Id.*; *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995). However, the Second Circuit has held that "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment can be futile if the claim to be added would be barred by the applicable statute of limitations. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

Fed. R. Civ. P. 15(c) governs when an amended pleading "relates back" to the date the original pleading was filed. *See Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 541 (2010). It provides that

> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew

4

or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

### III.  Discussion

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Ellis's Report.

Having conducted a review of the Report and applicable legal authorities, I find that the Report is not clearly erroneous. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). First, I agree with the Report's conclusion that Plaintiff's claim falls outside the statute of limitations. The Report correctly applied New York's three-year status of limitations for general personal injury actions to Plaintiff's Section 1983 claims. (Report 4-5); *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (noting that "courts apply the statute of limitations for personal injury actions under state law" to Section 1983 claims); N.Y. C.P.L.R. § 214(3). Indeed, the parties agree that this was the correct statute of limitations. (Pl.'s Mem. 8; Defs.' Mem. 2.)[2] Given that Plaintiff's motion to amend was made on October 15, 2015, and the events in question allegedly occurred on March 6, 2012, Magistrate Judge Ellis did not clearly err in denying Plaintiff leave to amend because the statute of limitations made Plaintiff's proposed amendment futile.

Magistrate Judge Ellis also did not clearly err in his conclusion that Plaintiff's amended pleading could not "relate back" to the date the original pleading was filed under Fed. R. Civ. P. 15(c). In order to permit relation back under Fed. R. Civ. P. 15(c)(1)(A), the relevant statute of limitations must allow relation back. Here, N.Y. C.P.L.R. § 1024 provides that

A party who is ignorant, in whole or in part, of the name or identity of a person who may

---
[2] "Pl.'s Mem." refers to Plaintiff's Memorandum of Law in Support of His Motion to Amend the Complaint. (Doc. 52.)

> properly be made a party may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name . . . becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

To take advantage of this provision of Fed. R. Civ. P. 15(c)(1)(A), a party must meet two requirements: (1) exercise due diligence prior to the running of the statute of limitations, to identify the defendant by name; and (2) describe the John Doe party "in such form as will fairly apprise the party that [he] is the intended defendant." *Hogan*, 738 F.3d at 519 (internal citations omitted).

Here, the Report noted that on September 6, 2013 Defendants disclosed the names of the officers Plaintiff seeks to add, and that the statute of limitations on Plaintiff's claim expired on March 6, 2015. (Report 5.) The Report concluded that Plaintiff's claims could not "relate back" under the Federal Rules because Plaintiff failed to adequately explain why, in the year and a half between the disclosure of the officers' names and the expiration of the limitations period on Plaintiff's claims, Plaintiff did not seek to amend his complaint to add the officers' names. (*Id.* 5-6). Plaintiff himself acknowledges that there is case law "that states that once the officers were identified and plaintiff did not attempt to amend the Complaint during the period encompassing the statute of limitations plaintiff cannot be seen to have been exercising due diligence." (Pl.'s Mem. 10.) However, Plaintiff claims this case law is not precisely applicable here because the motion to enforce an alleged oral settlement between the parties was pending before Magistrate Judge Ellis from December 18, 2013 through March 26, 2015, and that the court should "deem defendants' motion to enforce the alleged settlement as an equitable toll on plaintiff's time to amend the complaint." (Pl.'s Mem. 11.)

It was not clear error for Magistrate Judge Ellis to reject Plaintiff's argument that Defendants' motion to enforce the alleged settlement should operate as an equitable toll on the

statute of limitations regarding Plaintiff's claims.  "[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).  Here, Plaintiff's argument amounts to simply the fact that the motion to enforce the settlement was pending before Magistrate Judge Ellis, and that if the motion had been granted it would have been dispositive of the case. (Pl.'s Mem. 11-12.)  The existence of a pending, possibly dispositive motion before a magistrate judge is not enough, absent more, to constitute the type of "exceptional circumstances" necessary to justify equitable tolling because Plaintiff has not demonstrated how the pendency of this motion in any way prevented him from amending his complaint.  This is particularly true given that Plaintiff had counsel for nearly ten months before the statute of limitations on his claims expired, (*see* May 15, 2014 Notice of Appearance by Amy Rameau, Doc. 24), making Plaintiff's claim here seem like the type of ordinary attorney neglect which the Second Circuit and Supreme Court have found does not justify equitable tolling.  *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (refusing to apply equitable tolling where plaintiff failed to file a timely claim because plaintiff's lawyer was out of his office when the EEOC notice was received because equitable tolling does not cover such "garden variety claim[s] of excusable neglect"); *South v. Saab Cars USA, Inc*., 28 F.3d 9, 12 (2d Cir. 1994) ("[L]ack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll.").

    Further, Plaintiff did not only fail to amend during the period in which the motion to amend the settlement agreement was pending.  Plaintiff provided no reason for his failure to move to amend his complaint from September 16, 2013 until December 18, 2013—the date the

motion to enforce the terms of the oral settlement was filed—or his failure to inform Magistrate Judge Ellis of his desire to amend the complaint from March 26, 2015—the date the motion was decided—until the conference held on September 16, 2015.  Nor does Plaintiff claim that he attempted to obtain Defendants' consent to toll the statute of limitations and was improperly denied such agreement.  For these reasons, Magistrate Judge Ellis did not clearly err in finding that Plaintiff's Complaint could not relate back to the date the complaint was originally filed under Fed. R. Civ. P. 15(c)(1)(A).

Magistrate Judge Ellis also did not clearly err in concluding that Plaintiff's claim could not relate back under Fed. R. Civ. P. 15(c)(1)(C).  Relation back under Fed. R. Civ. P. 15(c)(1)(C) requires that

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria must have been fulfilled within the established limitations period.

*Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 15(c)(l)(C).  The Second Circuit has stated that "Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'"  *Hogan*, 738 F.3d at 518 (quoting *Barrow*, 66 F.3d at 470).

Here, the Report concluded that Plaintiff's amended complaint could not "relate back" under Fed. R. Civ. P. 15(c)(1)(C) both because Plaintiff's lack of knowledge of the officers he sought to add to his Complaint could not be deemed a mistake of identity, and because he knew the identity of the four officers prior to the expiration of the statute of limitations.  (Report 8.)  I agree with both of these conclusions, and *Hogan* makes clear that Magistrate Judge Ellis did not err in making them.

8

### IV. Conclusion

Having reviewed the Report for clear error and found none, I hereby ADOPT the Report in its entirety.  Plaintiff's motion to amend his complaint, (Doc. 50), is DENIED.

SO ORDERED.

Dated: May 31, 2016
       New York, New York

Vernon S. Broderick
United States District Judge