13-CV-1822 (VSB) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

O'NEIL GOMEZ,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER MIQUEL RIVERA INDIVIDUALLY AND AS A POLICE OFFICER FOR THE CITY OF NEW YORK, AND OTHER UNKNOWN LAW ENFORCEMENT AGENTS FOR THE CITY OF NEW YORK,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and*
   *Police Officer Miguel Rivera*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: Noreen Stackhouse*
   *Tel: (212) 356-2375*
   *Matter No. 2013-011970*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| PRELIMINARY STATEMENT | | 1 |
| STATEMENT OF FACTS AND PROCEDURAL HISTORY | | 2 |

ARGUMENT

    POINT I

        THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE. ............ 6

    POINT II

        THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH MULTIPLE COURT ORDERS ............ 9

CONCLUSION ............ 11

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Pages**

Auscape Int'l v. Nat'l Geographic Soc'y,
  02-CV-6441 (LAK), 2003 U.S. Dist. LEXIS 561 (S.D.N.Y. Jan. 17, 2003) ..............................9

Brow v. City of New York,
  391 F. App'x 935 (2d Cir. 2010) .................................................................................................8

Friends of Animals, Inc. v. U.S. Surgical Corp.,
  131 F.3d 332 (2d Cir. 1997).....................................................................................................10

Frost v. Hourihorne,
  09-CV-5286 (RJS) (HBP), 2011 U.S. Dist. LEXIS 46075
  (S.D.N.Y. Mar. 10, 2011) ..........................................................................................................8

Jackson v. City of New York,
  22 F.3d 71 (2d Cir. 1994)...........................................................................................................7

Khan v. McElroy,
  13-CV-5043 (AJN)(JCF), 2015 U.S. Dist. LEXIS 72629
  (S.D.N.Y. Apr. 23, 2015)...........................................................................................................8

Link v. Wabash R. Co.,
  370 U.S. 626 (1962)...................................................................................................................6

Lucas v. Miles,
  84 F.3d 532 (2nd Cir. 1996).......................................................................................................7

Luft v. Crown Publishers, Inc.,
  906 F.2d 862 (2d Cir. 1990).....................................................................................................10

Lyell Theatre Corp. v. Loews Corp.,
  682 F.2d 37 (2d Cir. 1982).........................................................................................................7

Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union,
  supra, 212 F.R.D. 178 (S.D.N.Y. 2003).....................................................................................9

Nat'l Hockey League v. Metro. Hockey Club, Inc.,
  427 U.S. 639 (1976) (per curiam).............................................................................................10

Palmieri v. DeFaria,
  88 F.3d 136 (2d Cir. 1996).........................................................................................................6

Shcherbakovskiy v. Da Capo Al Fine, Ltd.,
  490 F.3d 130 (2d Cir. 2007).......................................................................................................9

| **Cases** | **Pages** |
|---|---|

Simmons v. Abruzzo,
　49 F.3d 83 (2d Cir. 1995)..................................................................6, 7

Spencer v. Doe,
　139 F.3d 107 (2d Cir. 1998)...................................................................7

West v. City of New York,
　130 F.R.D. 522 (S.D.N.Y. 1990) ...........................................................7

**Statutes**

42 U.S.C. § 1983..........................................................................................1, 2

Fed. R. Civ. P. 19.............................................................................................6

Fed. R. Civ. P. 37.............................................................................................9

Fed. R. Civ. P. 37(b) ......................................................................................10

Fed. R. Civ. P. 37(b)(2)................................................................................1, 9

Fed. R. Civ. P. 37(b)(2)(A) ....................................................................5, 9, 10

Fed. R. Civ. P. 37(b)(2)(A)(v) .......................................................................10

Fed. R. Civ. P. 41(b) ...........................................................................1, 5, 6, 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

O'NEIL GOMEZ,

                                Plaintiff,

              -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER MIQUEL RIVERA
INDIVIDUALLY AND AS A POLICE OFFICER FOR
THE CITY OF NEW YORK, AND OTHER UNKNOWN
LAW ENFORCEMENT AGENTS FOR THE CITY OF
NEW YORK,

                                Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

13-CV-1822 (VSB)(RLE)

## PRELIMINARY STATEMENT

Plaintiff O'Neil Gomez, by his attorney, Richard Borzouye, Esq., brings this action pursuant to 42 U.S.C. § 1983, alleging various deprivations of his constitutional rights. Specifically, plaintiff alleges that he was falsely arrested and assaulted by New York City Police Officers on March 6, 2012. See generally Complaint, annexed to the Declaration of Noreen Stackhouse, dated August 29, 2016, (hereinafter "Stackhouse Decl.") as Exhibit "A." In his complaint, plaintiff names the City of New York and Police Officer Miguel Rivera (s/h/a "Miquel Rivera") (hereinafter "defendants") as defendants. Defendants now submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff has failed to prosecute this case; and (2) failed to comply with multiple court orders.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about March 19, 2013, plaintiff, through his former attorney, Robert Nicholson, Esq., filed an original complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that he was falsely arrested and subjected to excessive force by New York City Police Officers. See Stackhouse Decl. at ¶¶ 2-3. Following a disagreement regarding whether a settlement agreement had been reached between the parties, plaintiff terminated Mr. Nicholson as his attorney and retained a second attorney, Amy Rameau, Esq. Id. at ¶ 4. Ms. Rameau, along with her associate Afsaan Saleem, Esq., represented plaintiff from approximately May of 2014 until March of 2016. Id. at ¶ 5. On March 17, 2016, Mr. Saleem filed a status report informing the Court that plaintiff had retained yet another attorney. Id. at ¶ 6. Discovery had been set to close on April 4, 2016. Id. at ¶ 7. Accordingly, the Court scheduled a status conference for April 27, 2016. Id. at ¶ 8. On or about April 21, 2016, plaintiff newest attorney, Richard Borzouye, Esq., filed a Notice of Substitution of Attorney on plaintiff's behalf. Id. at ¶ 9.

At the April 27, 2016 status conference, citing the need to move this litigation forward notwithstanding the change in counsel, the Court directed defense counsel to provide a status report by April 29, 2016 detailing any outstanding documents which had been requested by defendants prior to plaintiff retaining new counsel. Id. at ¶ 10. The Court also directed the parties to confer with one another regarding a deposition schedule and to provide a status report to the Court on or before May 4, 2016 regarding same. Id. Following the telephone conference on April 27, 2016, I provided Mr. Borzouye with defendants' December 12, 2015 deficiency letter, to which plaintiff's previous counsel had never responded. Id. at ¶ 11.

Mr. Borzouye and I spoke by telephone on April 29, 2016, at which time he stated that he was working diligently to address and correct the deficiencies noted in defendants' letter, and that he would do so as soon as possible. Defendants outlined the deficiencies, and the

conversation which took place between counsel, in a status report to the Court dated April 29, 2016. Id. at ¶ 12. With respect to the deposition schedule, I was not able to confer with Mr. Borzouye following our April 29, 2016 telephone conversation, despite repeated attempts to do so. Id. at ¶ 13. Accordingly, defendants requested that the Court schedule a further status conference in this matter to discuss a timeframe for the production of the outstanding items outlined in defendants' April 29, 2016 letter to the Court as well as a deadline for depositions to be completed in this matter. Id. at ¶ 14.

On or about May 13, 2016, the Court ordered plaintiff to respond to defendants' deficiency letter, as well as defendants' request to schedule depositions, by May 17, 2016. Id. at ¶ 15. On or about May 17, 2016, Mr. Borzouye filed a letter with the Court stating that he had had some difficulty securing plaintiff's file from plaintiff's former attorneys. Id. at ¶ 16. Mr. Borzouye further noted that he was to receive the file on May 17, 2016 from plaintiff's former counsel, which would allow him to cure any and all deficiencies outlined by defendants. Id. at ¶ 17. Accordingly, the Court issued an Order on May 18, 2016, directing plaintiff to cure all deficiencies in discovery production no later than June 1, 2016. Id. at ¶ 18. The Court further ordered that discovery be completed by July 1, 2016. Id. at ¶ 19.

On June 2, 2016, having not received any further communication from Mr. Borzouye – or any response to defendants' outstanding discovery requests – I e-mailed Mr. Borzouye to remind him that plaintiff's outstanding discovery had been due to defendants the day before. Id. at ¶ 20. I further requested that Mr. Borzouye provide me with an update regarding when he would be able to provide the requested documents to defendants. Id. Lastly, mindful of the impending July 1, 2016 discovery deadline, I informed Mr. Borzouye that if I did

not receive a response from him by the close of business on Friday, June 3, 2016, I would request Court intervention. Id.

Because Mr. Borzouye did not respond to defendants' requests in any way, defendants requested that plaintiff's case be dismissed for failure to prosecute by letter motion dated June 6, 2016. Id. at ¶ 21. In response to defendants' letter, the Court scheduled an in-person status conference for June 13, 2016. Id. at ¶ 22. Plaintiff's counsel failed to appear at that conference. Id. at ¶ 23. Accordingly, on June 13, 2016 the Court issued an Order to Show Cause to plaintiff's counsel, directing him to explain why he should not be sanctioned for his failure to appear. Id. at ¶ 24. Plaintiff's counsel responded to the Court's June 13, 2016 Order on June 16, 2016. Id. at ¶ 25. Shortly thereafter, on June 17, 2016, the Court ordered plaintiff to cure all discovery deficiencies "no later than June 27, 2016." Id. at ¶ 26. The Court further ordered the parties to appear for a telephone conference on June 22, 2016. Id. at ¶ 27.

During the June 22, 2016 telephone conference, plaintiff's counsel represented to the Court that he would produce releases for the records requested by the defendants by the "end of the week," as in June 24, 2016. Id. at ¶ 28. In accordance with plaintiff's counsel's representation, and because defendants indicated that such records were needed prior to deposing the plaintiff, the Court issued a July 29, 2016 deadline for defendants to attempt to secure plaintiff's records. Id. at ¶ 29. The Court further ordered that depositions be completed no later than August 29, 2016. Id. at ¶ 30.

Plaintiff's counsel did not provide defendants with records by June 24, 2016, or even by June 27, 2014. Id. at ¶ 31. Accordingly, I e-mailed Mr. Borzouye on June 28, 2016, requesting that he e-mail plaintiff's responses to me as soon as possible as I had not yet received them. Id. at ¶ 32. Mr. Borzouye did not respond to that e-mail. Id. at ¶ 33. Approximately one

4

week later, on July 6, 2016, I e-mailed Mr. Borzouye a second time, and indicated that I would move to compel the responses if he did not respond. Id. at ¶ 34. That same day, Mr. Borzouye responded by stating that he had moved his residence over the weekend, that he was "still getting settled," and that he was "working on [his] response . . . ." Id. at ¶ 35.

Several days later, on July 11, 2016, still having not received plaintiff's responses, I e-mailed Mr. Borzouye and inquired as to when I could expect same. Id. at ¶ 36. To date, Mr. Borzouye has not responded to this e-mail in any way, nor has he responded to defendants' outstanding discovery demands. Id. at ¶ 37. Accordingly, by letter dated July 14, 2015, defendants moved to compel plaintiff to cure all deficiencies in discovery production by a date certain, on pain of dismissal for failure to prosecute. Id. at ¶ 38. In response thereto, on July 26, 2016, the Court issued an order directing plaintiff's counsel to show good cause why: (1) he should not be sanctioned for his repeated failure to cure discovery deficiencies; and (2) why this case should be not dismissed for failure to prosecute. Id. at ¶ 39. The Court further ordered plaintiff to submit a sworn declaration and any other relevant evidence by August 1, 2016, and directed defendants to submit a responding declaration and supporting evidence by August 8, 2016. Id. at ¶ 40.

Plaintiff, once again, failed to respond to the Court's July 26, 2016 Order in any way. Id. at ¶ 41. Thus, by letter dated August 5, 2016, defendants noted that plaintiff failed to respond to the Court's July 26, 2016 Order, and renewed their request that the Court dismiss this action for failure to prosecute pursuant to Rules 41(b) and 37(b)(2)(A) of the Federal Rules of Civil Procedure. Id. at ¶ 42. By Order dated August 10, 2016, the Court ordered that defendants file a formal motion for sanctions by August 29, 2016. Id. at ¶ 43. The Court further ordered

5

that plaintiff file his opposition by September 12, 2016, and that defendants serve any reply by September 19, 2016. Id.

## ARGUMENT

### POINT I

**THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE.**

Defendants respectfully contend that the instant action should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to plaintiff's complete failure to litigate this action since the retention of Mr. Borzouye as his attorney in April of 2016. See Palmieri v. DeFaria, 88 F.3d 136, 140 (2d Cir. 1996) (district court may dismiss a claim with prejudice for failure to prosecute); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (district court has power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating noncompliance as failure to prosecute). Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

It is well-settled that a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

Courts." Id. at 629-630. Because dismissal is a matter of the district court's discretion, a judge may, without notice to the parties, dismiss a complaint for lack of prosecution. Id. at 633.

The Second Circuit has held that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Since the obligation to move a case to trial is on the plaintiff, "dismissal is warranted where there is a lack of due diligence in the plaintiff's prosecution of the lawsuit by plaintiff." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). Furthermore, a district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

Courts in the Second Circuit look to five factors in determining whether to dismiss a suit for failure to prosecute: (1) the duration of the plaintiff's failure; (2) whether the plaintiff was on notice that the failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998) (citing Lucas v. Miles, 84 F.3d 532, 535 (2nd Cir. 1996)); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). The balance of these factors clearly weighs in favor of dismissal in the instant case.

First, plaintiff has failed to prosecute this matter by failing to comply with multiple court orders to cure the deficiencies in discovery production over a period of four months. As a result, defendants have been forced to move repeatedly to compel discovery, and the Court has had to issue repeated orders directing plaintiff to respond to defendants' requests.

This four-month delay by plaintiff is sufficient to satisfy the first factor. Khan v. McElroy, 13-CV-5043 (AJN)(JCF), 2015 U.S. Dist. LEXIS 72629, at *3-4 (S.D.N.Y. Apr. 23, 2015) (finding four-month delay in filing a Joint Pre-Trial Order to be a sufficient period of delay to warrant dismissal).

Second, by order dated July 26, 2016, this Court directed plaintiff to show good cause why this case should be not dismissed for failure to prosecute, thus putting him on notice that this action is ripe for dismissal for lack of prosecution. Such an "explicit warning satisfies the notice requirement." See Khan, 2015 U.S. Dist. LEXIS 72629, at *4. Third, defendants are clearly prejudiced by plaintiff's conduct by "being deprived of relevant discovery. . . . " See Frost v. Hourihorne, 09-CV-5286 (RJS) (HBP), 2011 U.S. Dist. LEXIS 46075 (S.D.N.Y. Mar. 10, 2011). In that regard, [n]either a plaintiff nor a defendant should be able to unilaterally halt the progress of a case through the simple expedient of failing to participate." Id. Fourth, plaintiff has been given an adequate opportunity to be heard. As noted above, plaintiff's counsel completely neglected to respond to the Court's July 26, 2016 Order to Show Cause why plaintiff's case should not be dismissed for failure to prosecute. At the time of this writing, it has been more than 30 days since the Court issued this Order. Plaintiff has been given ample time to fulfill his obligations to the Court by either responding to the Order to Show Cause or providing defendants with the outstanding discovery requested, but has neglected to do so.

Finally, because plaintiff has been warned of the consequences of his failure to respond to the Court's July 26, 2016 Order, and has failed to respond to three court orders issued prior to that, it is doubtful that a fifth order would be effective. See, e.g., Brow v. City of New York, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal of plaintiff's complaint, noting

"plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective.").

Based on the foregoing, defendants respectfully submit that plaintiff has utterly failed to prosecute this action and that this case is now a burden on the Court's docket. Accordingly, this action should be dismissed with prejudice.

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH MULTIPLE COURT ORDERS

Similarly, plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A) on the grounds that plaintiff has failed to comply with multiple Court-ordered deadlines. Rule 37 of the Federal Rules of Civil Procedure provides that where "a party . . . fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A). Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, "notwithstanding a lack of wilfulness or bad faith, although such factors 'are relevant . . . to the sanction to be imposed for the failure.'" Auscape Int'l v. Nat'l Geographic Soc'y, 02-CV-6441 (LAK), 2003 U.S. Dist. LEXIS 561, at *4 (S.D.N.Y. Jan. 17, 2003). Although bad faith is not required to impose sanctions pursuant to Rule 37(b)(2), "intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions." Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union, supra, 212 F.R.D. 178, 219 (S.D.N.Y. 2003); see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("[T]he severity of [the] sanction must be commensurate with the non-compliance."). The decision to impose sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that

9

discretion." Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam); see Friends of Animals, Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997) ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices." (citation omitted)).

In this case, plaintiff has failed to comply with four Court ordered discovery deadlines. Specifically, plaintiff's counsel has failed to: (1) comply with the Court's May 13, 2016 Order directing him to provide outstanding discovery to defendants by May 17, 2016; (2) comply with the Court's May 18, 2016 Order directing him to provide the outstanding discovery to defendants by June 1, 2016; (3) comply with the Court's June 17, 2016 Order directing him to provide the outstanding discovery on or before June 27, 2016; and (4) comply with the Court's July 26, 2016 Order directing him to show good cause as to why he should not be sanctioned for his repeated failure to cure discovery deficiencies, and why this case should be not dismissed for failure to prosecute. As set forth above, Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may dismiss the action against the disobedient party. See Fed. R. Civ. P. 37(b)(2)(A)(v); Friends of Animals, 131 F.3d at 334 ("A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices."). Accordingly, in light of plaintiff's failure to comply with four Court-ordered discovery deadlines, his case should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss the complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 29, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                            City of New York
                                        *Attorney for Defendants City of New York and*
                                        *Police Officer Miguel Rivera*
                                        100 Church Street, Room 3-203A
                                        New York, New York 10007
                                        (212) 356-2375

                                        By: _____
                                            Noreen Stackhouse
                                            Senior Counsel
                                            Special Federal Litigation

To: Richard Borzouye, Esq. (By ECF and First Class Mail)
     *Attorney for Plaintiff*
     44 Court Street, Suite 1217
     Brooklyn, New York 11201