UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

O'NEIL GOMEZ,

                      Plaintiff,

      - against -

THE CITY OF NEW YORK, et al.,

                      Defendants.

**REPORT AND RECOMMENDATION**

**13-CV-1822 (VSB) (RLE)**

**TO THE HONORABLE VERNON S. BRODERICK, U.S.D.J.:**

## I. INTRODUCTION

On March 19, 2013, Plaintiff O'Neil Gomez ("Gomez") commenced this action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) United States District Court Judge Lewis A. Kaplan referred this case to the undersigned for general pretrial purposes and dispositive motions on March 26, 2013. (Doc. No. 6.) This case was reassigned to Judge Vernon S. Broderick on February 3, 2014. Because Plaintiff and his counsel have failed to 1) comply with two Orders from the Court to cure deficiencies in discovery production, 2) show good cause why this case should not be dismissed for failure to prosecute and 3) respond to Defendants' motion to dismiss, I recommend that the Court **DISMISS THIS CASE WITH PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

On March 19, 2016 Gomez commenced this action by filing a Complaint. (Doc. No. 1.) Robert E. Nicholson ("Nicholson") first appeared on behalf of Gomez on April 10, 2013. (Doc. No. 3.) At a status conference held on February 26, 2014, Nicholson represented to the Court that Gomez wished to replace him as counsel. (Transcript of Proceedings ("Tr.") at 3-4.) Gomez's new counsel, Amy Remou ("Remou"), also attended the February 26 status conference.

(Tr. at 3.) On May 15, 2014, Remou filed her appearance on behalf of Gomez. (Doc. No. 24.) On January 14, 2015, Remou and Nicholson jointly submitted a Notice of Substitution of Attorney. (Doc. No. 34.) Afsaan Saleem ("Saleem"), an associate of Remou, appeared on behalf of Gomez on September 15, 2015.

In a status report to the Court on March 17, 2016, Saleem wrote that Gomez no longer wished to retain Remou and Saleem. (Doc. No. 60). Remou and Gomez's new counsel, Richard Borzouye ("Borzouye"), jointly submitted another Notice of Substitution of Attorney which was signed by Gomez on April 11, 2016. (Doc. No. 63.)

Defendants filed a status report on April 29, 2016, regarding outstanding paper discovery. (Doc. No. 64.) On May 4, Defendants requested that the Court schedule a conference to discuss production of those outstanding documents as well as a deadline for depositions. (Doc. No. 65.) In response, on May 13, the Court ordered Gomez to respond to Defendants' letters and request to schedule depositions. (Doc. No. 66.) Borzouye filed a response on May 17, informing the Court that he had encountered difficulty in obtaining Gomez's case file from Gomez's previous counsel and this had prevented scheduling Gomez's deposition. (Doc. No. 67.) Borzouye also represented in this letter that he would be able to cure all deficiencies and that Gomez would be available to be deposed. (Doc. No. 67.) The next day, May 18, the Court ordered Borzouye to cure all deficiencies in discovery production no later than June 1. (Doc. No. 68.)

On June 6, 2016, Defendants asked the Court to dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or, alternatively, order Gomez to cure all deficiencies in discovery production and to grant an extension of the discovery deadline. (Doc. No. 70.) The Court then scheduled a status conference for June 13, 2016. (Doc. No. 71.) On June 13, 2016, Borzouye failed to appear for a Court conference. The Court ordered

Borzouye to show good cause by June 16, 2016, why he should not be sanctioned for failure to appear. (Doc. No. 72). In response, on June 16, 2016, Borzouye filed a letter apologizing for missing the conference, attributing his mistake to "extreme distress" as a result of learning that the law firm with whom he had recently merged had not disclosed several pending lawsuits and a civil judgment against it and his efforts to "act immediately to empty the contents of his office and client files" before returning to his prior law office. (Doc. No. 73 ¶¶ 8 and 10.) The Court then ordered Gomez to cure all discovery deficiencies no later than June 27, 2016. (Doc. No. 74.) The Court held a telephone conference with the parties on June 22, 2016, during which Borzouye represented that he would produce releases for the records requested by Defendants by the end of the week. (Doc. No. 75.)

On July 13, 2016, Defendants again moved to compel Gomez to cure all deficiencies in discovery production for failure to comply with multiple Court Orders and failure to respond to Defendants' requests to provide a date by which he would be able to comply. (Doc. No. 76.) The Court ordered Borzouye to show good cause by August 1, 2016, why 1) he should not be sanctioned for his repeated failure to cure discovery deficiencies, and 2) the case should not be dismissed for failure to prosecute. (Doc. No. 77.) Borzouye has not submitted a response to the Court. On August 5, 2016, Defendants renewed their request that the Court dismiss this action for failure to prosecute. (Doc. No. 78.)

The Court ordered Defendants to file a formal motion for sanctions by August 29, 2016, with any opposition by Gomez to be due September 12, 2016. (Doc. No. 79.) On August 29, 2016, Defendants filed their formal motion to dismiss for lack of prosecution pursuant to Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A). (Doc. No. 80.) Gomez failed to file a response by September 12, 2016, and has not filed a response to date. On September 14, 2016 Defendants

3

again moved to dismiss for failure to prosecute because Gomez had not complied with the Court's Orders to cure discovery deficiencies and had not timely responded to Defendants' August 29 motion to dismiss. (Doc. No. 83 and 84.)

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, "[f]or failure of the plaintiff to prosecute or to comply with [. . .] any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Under Rule 41(b), plaintiff has an obligation to diligently prosecute her case. See *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); see also *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993). Thus, "[c]ompletely aside from his failure to comply with the order, a dismissal is justified for [plaintiff's] failure to prosecute at all." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990).

A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). See *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court explained that such authority is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Although dismissal for failure to prosecute is a harsh remedy which warrants "extreme" circumstances, the court's authority to invoke such remedy is essential to the court's efficiency and the prompt disposition of cases. *Lyell Theatre Corp.*, 682 F.2d at 43.

Gomez's repeated failures to comply with orders by the Court to cure deficiencies in discovery production are reasonably characterized as extreme circumstances. Since Gomez retained Borzouye, Gomez has been prompted to cure discovery deficiencies on three separate

4

occasions: The Court's May 13, 2016 Order to respond to Defendants' status report regarding discovery deficiencies, the Court's May 18, 2016 Order to cure all discovery deficiencies, and the Court's June 17, 2016 Order to cure all discovery deficiencies. Borozouye has also failed to prosecute this case through his failure to show good cause pursuant to the Court's July 26, 2016 Order as to why he should not be sanctioned for repeated failure to cure discovery deficiencies or why this case should not be dismissed for failure to prosecute. Coupled with the complete lack of communication from Borozouye with the Court since June 22, 2016, the failure to cure discovery deficiencies is extreme and detrimental to the Court's efficiency, warranting dismissal.

## CONCLUSION

Because Gomez has failed to comply with the Court's orders to cure deficiencies in discovery production, and because Gomez failed to comply with the Court's Orders despite a warning of dismissal, I recommend that the above-entitled action be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the Chambers of the Honorable Vernon S. Broderick, 500 Pearl Street, Room 1310, New York, NY 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room

1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: January 4, 2017**
**New York, New York**

                                                **Respectfully Submitted,**

                                                **The Honorable Ronald L. Ellis**
                                                **United States Magistrate Judge**